**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

KELLY MARCUS KAMAKIAN,

    Petitioner,

    v.                                                Case No. 09-C-0659

JODINE DEPPISCH,

    Respondent.

**ORDER RE: APPOINTMENT OF COUNSEL**

The petitioner, Kelly Marcus Kamakian, filed his petition for a writ of habeas corpus on July 6, 2009. On July 24, 2009, the court directed the respondent to serve and file an answer, motion or other response to the petition. At that time, the court denied the petitioner's motion for appointment of counsel.

On October 2, 2009, the respondent filed a motion for summary judgment. The petitioner requested and was granted an extension of time to November 27, 2009, to respond to the motion. On November 27, 2009, the petitioner filed a renewed request for appointment of counsel instead of filing a response to the motion for summary judgment. The plaintiff's appointment of counsel will be addressed herein.

As the petitioner previously was advised, there is no right to counsel in a federal habeas corpus proceeding. Wright v. West, 505 U.S. 277, 293 (1992); Pennsylvania v. Finley, 481 U.S. 551, 556 (1987). If a petitioner qualifies under 18 U.S.C. § 3006A(g), counsel shall be appointed, if necessary, for effective utilization of discovery procedures, if an evidentiary

hearing is required, or if the interests of justice so requires.  See Rules 6(a) & 8(c), Rules Governing Habeas Corpus Cases.

Counsel also may be appointed in a habeas corpus proceeding pursuant to 28 U.S.C. § 1915(e).  Here, the petitioner has not demonstrated that he is entitled to appointment of counsel under that statute.  The petitioner paid the filing fee and has not established that he is indigent.  He also has not shown that he has made efforts to secure counsel as required by § 1915(e).  Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992).  Additionally, at this stage of the proceedings, it appears, based on his submissions, that the petitioner is competent to litigate his petition for a writ of habeas corpus himself and that the presence of counsel will not be outcome determinative.  See Farmer v. Hass, 990 F.2d 319, 322 (7th Cir. 1993).  Therefore, the petitioner's renewed motion for appointment of counsel will be denied.

However, the petitioner will be given an additional period of time to file his response to the respondent's motion for summary judgment.  The petitioner must file his response to the motion on or before February 1, 2010.  The respondent's reply brief must be filed on or before February 15, 2010.

### **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that petitioner's renewed request for appointment of counsel be and hereby is **denied**.  (Docket #16).

**IT IS FURTHER ORDERED** that the petitioner shall file his response to the respondent's motion for summary judgment on or before **February 1, 2010**.

**IT IS ALSO ORDERED** that the respondent's reply brief shall be filed on or before **February 15, 2010**.

Dated at Milwaukee, Wisconsin, this 23rd day of December, 2009.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

O:\HABEAS\Kamakian ord atty appt deny.wpd            - 3 -

Case 2:09-cv-00659-PJG   Filed 12/23/09   Page 3 of 3   Document 17