# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KELLY M. KAMAKIAN,

    Petitioner,

    v.                                     Case No. 09-C-659

ROBERT HUMPHREYS[1],

    Respondent.

## DECISION AND ORDER

On July 6, 2009, petitioner Kelly Marcus Kamakian filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, with a supporting brief. On January 29, 2010, the petitioner filed a motion to amend the case caption because he had been transferred to a different correctional institution. (Docket #18).

The petitioner was convicted of one count of driving under the influence and two counts of felony bail jumping in the Circuit Court of Racine County, Wisconsin. He was sentenced to one year of confinement followed by a two year term of extended supervision. The petitioner's extended supervision was revoked on December 10, 2007.

By his petition, the petitioner challenges his February 5, 2008, orders for reconfinement after his extended supervision was revoked. He maintains that he "is serving an illegal sentence, one which is in excess of that orally pronounced by the court upon a formal hearing

---

[1] The petitioner named Jodine Deppisch, the warden at the Fox Lake Correctional Institutional (FLCI), as the respondent in his original filing. The petitioner now has been transferred to the Racine Correctional Institution (RCI). Therefore, Robert Humphreys, the warden at RCI, is the state officer who has custody of the petitioner and is now the proper respondent. See Rule 2 of the Rules Governing § 2254 Cases.

after revocation of extended supervision." (Petitioner's Memorandum and Argument in Support of Petition [Petitioner's Memorandum] at 1). Specifically, the petitioner states he was sentenced to 18 months of reconfinement at the re-sentencing hearing following the revocation of his extended supervision, but that the orders issued shortly thereafter incorrectly reflect a sentence of 36 months of reconfinement.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 3 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

This court conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order filed July 24, 2009, this court determined that "it does not plainly appear from the 'face of the petition' that the petitioner is not entitled to relief." Thus, this court ordered then respondent Jodine Deppish to file an answer, motion or other response to the petition for a writ of habeas corpus. On October 2, 2009, the respondent filed a motion for summary judgment. The petitioner filed a brief in opposition to the motion for summary judgment on January 29, 2010. The motion will be addressed herein.

## **RELEVANT FACTUAL BACKGROUND**

On May 29, 2004, the petitioner committed the offense of driving under the influence and was charged in the Circuit Court of Racine County, Wisconsin, under Case # 2004CF000717 (Case #717). (Petitioner's Memorandum, Exh. 1). While on release, the petitioner violated his

- 2 -

Case 2:09-cv-00659-PJG   Filed 04/09/10   Page 2 of 11   Document 23

conditions of bail on two separate occasions. He was charged with two counts of felony bail jumping, under Cases ##2004CF001011 and 2004CF001239 (Case #1011 and Case #1239, respectively). (Petitioner's Memorandum, Exhs. 2-3). The petitioner entered a guilty plea in each case and on January 25, 2005, the Racine County Circuit Judge Gerald P. Ptacek imposed sentences as follows: for Case #717, two years of confinement followed by three years of extended supervision; for Case #1011, one year of confinement followed by two years of extended supervision; for Case #1239, one year of confinement followed by two years of extended supervision. (Petitioner's Memorandum, Exhs. 1-3). The sentences for Cases #1011 and #1239 were to be served concurrently to one another, but consecutively to the sentence for Case #717. Thus, the petitioner was sentenced to a total of three years of confinement, followed by five years of extended supervision. The petitioner was eligible for the earned release program on all three sentences.

The petitioner earned early release through the earned release program and was released from confinement on August 23, 2006. (Petitioner's Memorandum, Exh. 4). On December 15, 2006, and again in early spring 2007, the petitioner violated the conditions of his extended supervision. (Petitioner's Memorandum, Exh. 12 at 3). Therefore, his extended supervision was revoked on December 10, 2007. (Petitioner's Memorandum, Exh. 4). On January 22, 2008, a revocation hearing was held before Judge Ptacek. According to the transcript of that proceeding, Judge Ptacek ruled that:

> I am satisfied the amount of confinement necessary to protect the public and to meet your rehabilitation needs, which are continued treatment, is to reincarcerate you for eighteen months. That leaves eighteen months for them to supervise you once you are released in the community . . ..

(Petitioner's Memorandum, Exh. 12 at 17).

- 3 -

As the hearing was concluding, the petitioner's attorney and the Judge had the following exchange:

> Mr. Emert (counsel for petitioner): Is reconfinement on 04-CF717?
> The Court: The reconfinement is on 717 and on all the other files as I read it they're concurrent ES times.

(Petitioner's Memorandum, Exh. 12 at 18).

Following this hearing, the court issued orders for reconfinement in each case dated February 5, 2008. (Petitioner's Memorandum Exhs. 5-7). According to the orders, the petitioner was sentenced to 18 months reconfinement for each case; the 18 months for Cases ## 1011 and 1239 were to be served concurrently to one another and consecutively to the 18 months ordered for Case #717, resulting in a total period of reconfinement of 36 months.

On or about February 28, 2008, the petitioner discovered that the written orders reflected a period of reconfinement of 36 months. The petitioner sent several letters to Judge Ptacek questioning whether the orders complied with the oral sentencing at the hearing. (Petitioner's Memorandum, Exhs. 9-11). The petitioner did not appeal or seek review of the sentence.

In this habeas petition, the petitioner maintains that Judge Ptacek's oral sentencing was for a total of 18 months of reconfinement for all three cases, followed by a total of 18 months of extended supervision for all three cases. Thus, the petitioner asserts that the written orders requiring 36 months of reconfinement do not comply with that oral sentence. After the respondent filed this motion and noted the petitioner's failure to appeal or seek review, the petitioner filed a motion for a post-conviction relief hearing. The motion was granted and the hearing was scheduled for February 12, 2010, in the state trial court.

The respondent's motion for summary judgment asserts that the petition should be dismissed because the petitioner has not exhausted his state court remedies before filing for

- 4 -

federal habeas relief, as required by law. The petitioner acknowledges that he failed to exhaust state remedies, but contends that this court should enter an order staying this action while he pursues the state remedies so that he may reopen the petition if necessary.

## **APPLICABLE LAW**

In Rose v. Lundy, 455 U.S. 509, 510 (1982), the Court held that a petition for a writ of habeas corpus which contains any claims that have not been fully exhausted at the state level should be dismissed, thus "leaving the [petitioner] with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court."

The habeas corpus statute was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 100 Stat. 1214 (1996), to incorporate the "full exhaustion" rule from Lundy. The AEDPA provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). This section of the AEDPA requires a petitioner to "fully and fairly present[] his claims to the state appellate courts, thus giving the state courts a meaningful opportunity to consider the substance of the claims that he later presents in his federal challenge." Bintz v. Bertrand, 403 F.3d 859, 863 (7th Cir. 2005) (citing Harris v. McAdory, 334 F.3d 665, 668 [7th Cir. 2003]).

- 5 -

State remedies are exhausted "by either (a) providing the highest court in the state a fair opportunity to consider the constitutional issue, or (b) having no further available means for pursuing a review of one's conviction in state court." Isaacson v. Deppisch, No. 06-C-0756, 2006 WL 2845695, at *2 (E.D. Wis. Oct. 3, 2006) (quoting Wallace v. Duckworth, 778 F.2d 1215, 1219 [7th Cir. 1985]) (internal quotations omitted). "A specific claim is not considered exhausted if the petitioner 'has the right under the law of the State to raise, by any available procedure, the question presented.'" Isaacson, at *2 (quoting 28 U.S.C. § 2254[c]).

The AEDPA also provides for a one-year statue of limitations:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence

28 U.S.C. § 2244(d)(1).

In Rhines v. Weber, 544 U.S. 269, 274-75 (2005), the Court recognized that the interplay between the one-year statue of limitations in the AEDPA and the dismissal requirement of Lundy may have harsh results for some petitioners. If petitions with unexhausted claims are dismissed, petitioners may "forever los[e] the opportunity of any federal review of their

- 6 -

unexhausted claims," as a result of the one-year statue of limitations. Rhines, 544 U.S. at 275. The Court in Rhines specifically addressed the propriety of the "stay and abeyance" procedure the petitioner requests here. The Court noted that staying a federal habeas petition frustrates the "twin purposes" of the AEDPA – encouraging finality and streamlining federal habeas proceedings. Id. at 277. A stay allows the petitioner to delay resolution of the federal proceedings and decreases the petitioner's incentive to exhaust all his claims in the state court prior to filing his federal petition.

The Court, therefore, concluded that a stay and abeyance should be available "only in limited circumstances" when the court determines there is good cause for the petitioner's failure to exhaust his claims first in state court. Id. The Court also stated that even if good cause can be shown for the failure to exhaust, it would be an abuse of discretion to grant a stay if the unexhausted claims are plainly without merit. A stay should not be granted if a petitioner engages in abusive litigation tactics or intentional delay. Id. at 278.

## **ANALYSIS**

The respondent asserts, and the petitioner acknowledges, that the petitioner did not exhaust all of his remedies under state law before he filed this petition. In fact, the parties agree that the petitioner did not seek state review of his re-sentencing until after the respondent filed his summary judgment motion. Thus, the sole issue for this court to determine is whether there is good cause for the petitioner's failure to exhaust, such that a stay and abeyance is appropriate, or whether the petition should be dismissed as requested by the respondent.

The petitioner maintains that there is good cause for his failure to exhaust state remedies before filing this petition. First, the petitioner asserts that he is a pro se litigant and is unfamiliar with the law. Second, the petitioner asserts that he filed an action for state review as soon as

- 7 -

he became aware that the possibility existed, namely, when the respondent pointed it out in the brief in support of his motion. The petitioner stresses that he is being held in confinement beyond the oral sentence given at his revocation hearing.

A stay and abeyance is intended to preserve a petitioner's ability to pursue federal review of a final state court judgment that violates the petitioner's constitutional rights, when that petitioner files for federal review within the AEDPA's one-year statute of limitations, but without first exhausting his state law remedies. The stay effectively "holds" the petitioner's filing date so that the AEDPA's one-year statute of limitations does not unfairly bar his renewed petition after he exhausts state law remedies. See Rhines, 544 U.S. at 278. But because a stay may frustrate the goals of obtaining finality and streamlining the federal habeas process, it is important that stays be granted in limited circumstances. Id. at 277. According to Rhines, a stay may only be granted when the petitioner has met two conditions: (1) good cause for not exhausting state law remedies before seeking federal review and (2) the petitioner's claims are not plainly meritless. Id. Of course, even when a petitioner has good cause and potentially meritorious claims, it is necessary for the petitioner to file the federal petition within the one-year statue of limitations of the AEDPA or there is nothing for the stay to preserve.

The one-year statue of limitations of the AEDPA runs from the latest of four dates: (1) the date the judgment became final, either by the conclusion of direct review or the expiration of the time period for seeking direct review, (2) the date the impediment to filing an application created by State action is removed, if such State action was in violation of the constitution or laws and the State action was preventing the petitioner from filing the application, (3) the date on which the constitutional right asserted was initially recognized by the Supreme court, if the right has been newly recognized and made retroactively applicable to cases on collateral review

- 8 -

or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through due diligence. See 28 U.S.C. § 2244(d)(1).

The petitioner does not assert that any state action prevented him from filing this petition, or that his petition rests upon recently recognized constitutional rights. The petitioner acknowledges that he did not seek direct state review of his conviction or sentencing. Therefore, this petition was timely only if: (1) it was filed within one year of the expiration of petitioner's deadline to appeal and/or (2) it was filed within one year of the date he discovered the factual predicate of his claim, namely, the potential discrepancy between the oral and written sentences.

On January 22, 2008, the court orally sentenced the petitioner after the revocation of his extended supervision. The written orders sentencing the petitioner were issued on February 5, 2008. According to Wisconsin law, the petitioner had 20 days from the date of sentencing or final adjudication to seek post-conviction relief. See Wis. Stat. § 974.02. Measured from either the date of the oral sentencing or the date the written sentencing order was issued, the petitioner did not file his petition within the one-year statute of limitations of the AEDPA. See 28 U.S.C. § 2244(d)(1).

With respect to the petitioner's discovery of the factual predicate of his claim, the facts show that petitioner learned of the potential discrepancies between the oral and written sentences on or about February 28, 2008. Therefore, even measuring from the date of his discovery of this alleged discrepancy, the petitioner failed to file this petition within one year as required.

Upon a consideration of the facts of this case, this court finds that the petitioner does not present good cause for his failure to exhaust state law remedies before filing this petition.

Moreover, a stay would not preserve this petitioner's ability to seek federal review because he filed his petition after the expiration of the one-year statute of limitations under the AEDPA. Accordingly, the respondent's motion for summary judgment will be granted.

As noted, the petitioner filed a motion to amend the case caption because he has been moved from the Fox Lake Correctional Institution to the Racine Correctional Institution. Rule 2 of the Rules Governing Section 2254 Cases requires that the "petition [for habeas corpus] must name as respondent the state officer who has custody." Mr. Humphreys, the warden at the Racine Correctional Institution, has custody of the petitioner and, therefore, is now the proper respondent. Thus, the petitioner's motion to amend the case caption will be granted.

## **CERTIFICATE OF APPEALABILITY**

A certificate of appealability may "only issue if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 [1983]). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, the petition has been denied because the petitioner did not file it within the one year statute of limitations of the AEDPA. In <u>Owens v. Boyd</u>, 235 F. 3d 356, 358 (7th Cir. 2000), the court held that "[w]hether a given petition is timely is a question under § 2244, not under the Constitution, and therefore an error in treating a collateral attack as untimely is not enough to support a certificate of appealability." Because the sole basis for this court's denial of petitioner's claims is his untimely filing, the court will deny a certificate of appealability as to all of the petitioner's claims.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's motion to amend the caption be and hereby is **granted**. (Docket #18).

**IT IS FURTHER ORDERED** that the respondent's motion for summary judgment be and hereby is **granted**. (Docket #13).

**IT IS FURTHER ORDERED** that the petitioner's petition for a writ of habeas corpus be and hereby is **denied**. (Docket #1).

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this ____ day of April, 2010.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

O:\HABEAS\Kamakian dec.wpd - 11 - April 9, 2010

Case 2:09-cv-00659-PJG   Filed 04/09/10   Page 11 of 11   Document 23